GEORGE  KENNETH  SNYDER  v.  DUKE  POWER  COMPANY

No. 7221SC262

(Filed 28 June 1972)

Contracts § 31; Master and Servant § 13— interference with employment contract — power company — incident of ownership

A power company is not liable for malicious interference with plaintiff's contract of employment by reason of the termination of his employment at will after the power company advised plaintiff's employer that plaintiff would no longer be permitted to work on its power lines, since, as an incident of its ownership of the power lines, the power company had an absolute right to say who could or could not work on such lines.

APPEAL by plaintiff from *Long, Judge,* 1 November 1971 Session of Superior Court held in FORSYTH County.

This is a civil action heard on defendant's motion for summary judgment wherein plaintiff, George Kenneth Snyder,

seeks to recover from Duke Power Company both actual and punitive damages for malicious interference with his employment with Harrison-Wright Company, Inc.

The pleadings, answer to interrogatories, exhibit, and affidavits disclose the following: On 25 September, 1970, Harrison-Wright, plaintiff's employer, was under contract with the defendant constructing and maintaining power lines of the defendant in North Carolina and South Carolina. The contract between the defendant and plaintiff's employer was not exclusive and was terminable by the defendant on 24 hours' notice. Plaintiff had been an employee of Harrison-Wright for 11 years, and according to the affidavit of Walter N. Hipp, Vice President of Harrison-Wright, plaintiff was "an employee at will of Harrison-Wright Company and had no term contract of employment in writing or otherwise." In his answers to interrogatories, plaintiff stated:

" . . . On Friday morning, September 25, 1970, Mr. B. I. Braswell, Superintendent of Harrison-Wright, Inc., came from Charlotte, North Carolina, and talked with me on the job. This job was located on the southside of Winston-Salem on Yale Avenue. I was informed by Mr. Braswell that I was not to report to work the following Monday morning because he (Mr. Braswell) had received communications from Mr. Edwards and other Duke Power officials informing him of the incident on September 23 that they were raising hell about what had happened. Mr. Braswell informed me that he had instructions from Duke Power Company that I was no longer to do any work for that company because of the incidents which had occurred the previous few days. * * *

During the week following my termination from Harrison-Wright, Inc., I spoke with James Phillips, my foreman at Harrison-Wright. He informed me that he had requested permission from Mr. Hampton of Duke Power that he be permitted to return me to my job with Harrison-Wright. Mr. Hampton informed Mr. Phillips that he could hire me back if he wanted to but if he did that Mr. Hampton would send the whole crew out. . . . I am informed and believe he told Phillips if I were hired back the crew would no longer be able to work on Duke Power work here."

The plaintiff never returned to work for Harrison-Wright.

From the Court's entry of summary judgment in favor of the defendant, the plaintiff appealed.

*Eubanks and Sparrow by W. Warren Sparrow and Larry L. Eubanks for plaintiff appellant.*

*William I. Ward, Jr., and Womble, Carlyle, Sandridge & Rice by Allan R. Gitter for defendant appellee.*

HEDRICK, Judge.

The one question presented on this appeal is whether the pleadings, answers to interrogatories, exhibits, and affidavits, show that there is no genuine issue as to any material fact and that the defendant Duke Power Company is entitled to judgment as a matter of law.

Our decision rests on the general rule, set out in 45 Am. Jur. 2d, Interference, § 23 as follows:

"Absolute rights, including primarily *rights incident to the ownership of property,* rights growing out of contractual relations, and the right to enter or refuse to enter into contractual relations, may be exercised without liability for *interference without reference to one's motive* as to any injury directly resulting therefrom. This is in contrast to the exercise of common and qualified rights which may be exercised only where there is justification therefor. In other words, acts performed with such an intent or purpose as to constitute legal malice and without justification, which otherwise would amount to a wrongful interference with business relations, are not tortious where committed in the exercise of an absolute right." *Kelly v. Harvester,* 278 N.C. 153, 179 S.E. 2d 396 (1971) ; *Raycroft v. Trayntor,* 68 Vt. 219, 35 A. 53 (1896). (Our italics.)

The record before us clearly establishes that the defendant was the owner of the power lines on which Harrison-Wright and the plaintiff were working. As an incident of its ownership of the power lines the defendant had an absolute right to say who could or who could not work on its property. Upon giving 24 hours' notice, the defendant could terminate its contract with plaintiff's employer. As an incident of its ownership of its power lines, the defendant had a right to advise Harrison-Wright that the plaintiff would not be permitted to work on its property.

Upon this record, it is clear that there is no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law.

Affirmed.

Judges BRITT and PARKER concur.